IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK WISE, on behalf of himself and others similarly situated**, *Plaintiff,* v. **KIMBERLY-CLARK CORPORATION**, *Defendant.* | **Case No. 2:25-cv-01019-JDW** |

## MEMORANDUM

To come to federal court, cases between diverse parties must have more than $75,000 at stake. In this case, Kimberly-Clark Corporation seeks to embiggen[1] the amount in controversy by pointing to the attorneys' fees that Frank Wise might recover. This is perfectly cromulent [2] because the Pennsylvania Minimum Wage Act permits him to seek to recover his attorneys' fees if he prevails. However, to satisfy the $75,000 threshold, Mr. Wise's attorneys would need to collect a fee at least seven times his damages. That's not reasonable, so I will remand this case to state court.

---

[1] *The Simpsons: Lisa the Iconoclast* (Fox television broadcast Feb. 18, 1996).
[2] As in, acceptable or adequate. *See id.*

**I.      BACKGROUND**

Mr. Wise worked at a Kimberly-Clark manufacturing facility in Chester, Pennsylvania. At the beginning of each workday, he and other Kimberly-Clark employees walked through the facility to their job assignments. Similarly, at the end of each workday, they walked from their jobs to the facility exit. Kimberly-Clark did not pay them for the time they spent walking.

On January 9, 2025, Mr. Wise sued Kimberly-Clark in the Philadelphia Court of Common Pleas on behalf of himself and a putative class. He accuses Kimberly-Clark of violating the Pennsylvania Minimum Wage Act ("PMWA") by failing to pay overtime wages for the time spent walking to and from their job assignments. Mr. Wise seeks to recover unpaid overtime wages, prejudgment interest, costs, and reasonable attorneys' fees. His civil cover sheet indicates that the amount in controversy is "[m]ore than $50,000.00" (ECF No. 1-3, p. 2 of 12), but that's for the amalgamated claims of the class. On February 26, 2025, Kimberly-Clark removed the action to this Court, asserting complete diversity between the Parties and an amount in controversy over $75,000. Kimberly-Clark argues that Mr. Wise's alleged unpaid overtime "could reasonably include claims of at least $9,350.30," and that he "may try to recover at least $78,375.00 in attorney's fees." (ECF No. 1 ¶¶ 24, 29.)

Mr. Wise moved to remand the case. He includes with that motion a declaration by his attorneys that if the lawsuit proceeds on his behalf alone, they waive their right to

recover attorneys' fees resulting in an aggregate recovery over $75,000, exclusive of interest and costs. The motion is ripe.

## II.   LEGAL STANDARD

A defendant may remove a civil action if the federal court would have original jurisdiction over the case. *See* 28 U.S.C. § 1441(a). Jurisdiction exists over cases where there is complete diversity between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). A district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Courts must "strictly construe[]" removal statutes against removal and resolve all doubts in favor of remand. *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted).

In determining whether the amount in controversy exceeds $75,000, district courts in this Circuit apply the "legal certainty" test. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). Under this standard, a court must determine whether "the plaintiff's actual monetary demands in the aggregate exceed the [jurisdictional] threshold, irrespective of whether the plaintiff states that the demands do not." *Morgan v. Gay*, 471 F.3d 469, 474–75 (3d Cir. 2006). This standard differs depending on whether a plaintiff's complaint specifies that the amount sought is less than the jurisdictional minimum. If so, then the party contesting remand must prove to a

3

legal certainty that the amount in controversy exceeds the jurisdictional threshold. *See Frederico v. Home Depot*, 507 F.3d 188, 196–97 (3d Cir. 2007). If not, then the party seeking remand must prove to a legal certainty that the amount in controversy could not exceed the jurisdictional threshold. *See id.* The court should assess the amount in controversy based on the plaintiff's complaint at the time the defendant filed a removal petition. *See Steel Valley Auth.*, 809 F.2d at 1010.

### III. ANALYSIS

Mr. Wise's Complaint doesn't aver that the amount sought is less than the jurisdictional minimum, so he must prove to a legal certainty that the amount in controversy could not exceed the jurisdictional threshold. *See Frederico*, 507 F.3d at 196–97. He seeks recovery of unpaid overtime wages, prejudgment interest, costs, and reasonable attorneys' fees. "[A]ttorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997). The PMWA provides for the recovery of "reasonable" attorneys' fees by a successful plaintiff. 43 P.S. § 333.113. And, for this Motion at least, the Parties agree that Mr. Wise's unpaid overtime wages could total $9,350.30. So, for the case to remain in federal court, attorneys' fees of $65,650 would have to be reasonable. Pennsylvania law deems that it would not be.

Although there do not appear to be Pennsylvania cases defining "reasonable" attorneys' fees under the PMWA, courts have interpreted a similar provision of the

4

Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). *See* 73 P.S. § 201-9.2(a). The Superior Court[3] has held that although the UTPCPL does not cap the amount of attorneys' fees, "the term 'reasonable' does impart a sense of proportionality between an award of damages and an award of attorney's fees." *McCauslin v. Reliance Fin. Co.*, 751 A.2d 683, 686 (Pa. Super. Ct. 2000). There is no hard-and-fast rule for the acceptable ratio between the amount of damages and the attorney fee award. *See Neal v. Bavarian Motors, Inc.*, 882 A.2d 1022, 1031 (Pa. Super. Ct. 2005). Factors for the court to consider in assessing the reasonableness of counsel fees include: "[t]he time and labor required, the novelty and difficulty of the questions involved[,] and the skill requisite properly to conduct the case"; "[t]he customary charges of the members of the bar for similar services"; "[t]he amount involved in the controversy and the benefits resulting to the clients from the services"; and "[t]he contingency or certainty of the compensation." *Id.* at 1030–31.

I predict that the Pennsylvania Supreme Court would adopt the Superior Court's definition of reasonableness in the UTPCPL. And the fee-shifting provisions in the PMWA and UTPCPL have similar purposes—to make it economically feasible for lawyers

---

[3] Because the interpretation of a state statute is a question of state law, I am bound by the decisions of the Pennsylvania Supreme Court. *See United States v. Harris*, 68 F.4th 140, 144 n.2 (3d Cir. 2023). However, the Pennsylvania Supreme Court hasn't interpreted this provision of the PMWA, so I must consider and give due regard to the decisions of the Superior Court as indicia of how the Supreme Court would construe "reasonable" attorneys' fees. *See Ciccarelli v. Carey Canadian Mines, Ltd.*, 757 F.2d 548, 553 n.3 (3d Cir. 1985).

to pursue cases with low dollar-value recoveries. *See McCauslin*, 751 A.2d at 686 (UTPCPL); *Chevalier v. Gen. Nutrition Ctrs., Inc.*, 220 A.3d 1038, 1055–56 (Pa. 2019) (PMWA). I therefore also predict that the Pennsylvania Supreme Court would adopt the same interpretation of the PMWA's fee-shifting provision. Doing so would comport with the Supreme Court's more general pronouncement that, when assessing the reasonableness of attorneys' fees, "the amount of money or value of the property in question" is "very important[]." *In re LaRocca's Trust Est.*, 246 A.2d 337, 339 (Pa. 1968).

In this case, the fee award would need to be at least seven times Mr. Wise's damages to reach the jurisdictional threshold. That's not reasonable in this context. Mr. Wise's claim involves a single count against a single defendant. The legal questions are not novel or complicated. In fact, other courts have already issued rulings that pave the way for Mr. Wise. *See, e.g.*, *Davis v. Target Corp.*, No. 23-cv-89, 2025 WL 553354, at *5–8 (E.D. Pa. Feb. 19, 2025). Discovery in the case would be narrow, focused solely on Mr. Wise's day-to-day. Even crediting Mr. Wise's lawyers' experience, the applicable rates would likely be those on the CLS schedule for this area. Therefore, a ratio of 7-1 of attorneys' fees to damages would not comport with the sense of proportionality that Pennsylvania law requires.

That conclusion is consistent with Pennsylvania courts that have analyzed the ratio of fees to damages. In *McCauslin*, for example, the Superior Court explained that attorneys' fees more than twice the amount of actual damages "certainly raises a

6

question whether the fee award was 'reasonable' or not." 751 A.2d at 686. More recently, in *Richards v. Ameriprise Fin., Inc.*, the Superior Court concluded that attorneys' fees roughly three times the trebled damages and ten times the actual damages "raises the specter of disproportionality." 217 A.3d 854, 871 (Pa. Super. Ct. 2019). I therefore conclude to a legal certainty that the amount in controversy could not exceed § 1332's jurisdictional threshold.

Setting state law aside, allowing defendants to remove cases like this raises federal concerns, too. To clear the jurisdictional threshold, Mr. Wise's attorneys' fees would comprise more than 87.5 percent of the required amount in controversy. When projected fees constitute a significant proportion of jurisdictional amount, courts subject the claim to close scrutiny. *See Penn v. Wal-Mart Stores, Inc.*, 116 F. Supp. 2d 557, 569 (D.N.J. 2000) (citing *Neff v. Gen. Motors Corp.*, 163 F.R.D. 478, 483 (E.D. Pa. 1995)). Judicial economy cautions against allowing parties to shoehorn local actions into federal court by taking advantage of the federal system's liberal pleading rules. *See Neff*, 163 F.R.D. at 483. And like other district courts in this Circuit, I have concerns about permitting attorneys' fees to be the primary basis for the amount in controversy. *See Lingo v. BHI Energy Power Servs.*, No. 22-cv-1275, 2022 WL 17627815, at *4 (M.D. Pa. Dec. 13, 2022) (collecting cases). It'd be tantamount to creating an end run around § 1332's amount-in-controversy requirement when claims involve fee-shifting statutes.

Finally, Mr. Wise's attorneys submitted a declaration waiving their right to recover fees resulting in an aggregate recovery above the jurisdictional limit. (*See* ECF No. 11-1.) I must assess the complaint at the time the petition for removal was filed, so Mr. Wise cannot avoid federal jurisdiction by amending his complaint via declaration. *See Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993). However, the Third Circuit has indicated that when a complaint is ambiguous as to the damages asserted and the controversy seems small, "a court justifiably might consider a subsequent stipulation as clarifying rather than amending an original pleading." *Id.* at 145 n.3. It's not clear to me that this kind of declaration counts as a clarification, rather than an amendment. So I don't rely on it in deciding to remand the case.

## IV.  CONCLUSION

Attorneys' fees of $65,650 would not be reasonable in this case, given the straightforward claim and relatively narrow scope of discovery. Therefore, the amount in controversy could not exceed the $75,000 threshold. I will remand this case to the Court of Common Pleas of Philadelphia County. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

May 13, 2025